UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 3, 2019

LETTER TO COUNSEL

   RE: *Antonio M. v. Commissioner, Social Security Administration*;
      Civil No. SAG-18-3839

Dear Counsel:

  On December 13, 2018, Plaintiff Antonio M. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 14, 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

  Plaintiff protectively filed his claims for benefits on August 14, 2015, alleging an onset date of May 25, 2015. Tr. 195-207. His claims were denied initially and on reconsideration. Tr. 84-117. A hearing was held on July 26, 2017, before an Administrative Law Judge ("ALJ"). Tr. 33-81. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 13-26. The Appeals Council ("AC") denied Plaintiff's request for further review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

  The ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the lumbar spine; congestive heart failure (CHF); hypertension; obesity; depressive disorder; and schizoaffective disorder." Tr. 16. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can stand and/or walk for two hours in an eight hour workday with normal breaks; sit for six hours in an eight hour workday with normal breaks; and lift and/or carry 20 pounds occasionally and 10 pounds frequently. The claimant can occasionally climb ramps, stairs, ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch or crawl. The claimant is limited to understanding/remembering/carrying out simple instructions involving routine tasks. The claimant is limited to occasional contact with the general public.

Tr. 19. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform past relevant work as a poultry farm worker, but could perform other jobs existing in the national economy. Tr. 24-26. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 26.

Plaintiff makes several arguments on appeal: (1) that the ALJ either did not assign weight or assigned insufficient weight to the opinions of treating physicians; (2) that the ALJ's RFC assessment was flawed and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); (3) that the ALJ's assessment of Plaintiff's social functioning limitation was insufficient; (4) that the ALJ's limitation to occasional performance of tasks is not consistent with the requirements of a complete workday; (5) that the VE's testimony is inconsistent with the Dictionary of Occupational Titles; and (6) that the ALJ erred at Step Two by failing to deem Plaintiff's sleep apnea and carpal tunnel syndrome to be severe impairments. While many of Plaintiff's arguments lack merit, I agree that the ALJ's analysis did not comply with *Mascio,* and that the ALJ's decision with respect to Plaintiff's social functioning limitations requires additional explanation. I therefore grant remand under sentence four.

Beginning with the successful arguments, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of Plaintiff's "moderate difficulties" in concentration, persistence, or pace. *Id.* At Step Three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00 (2017). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* § 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas assessing the ability to: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 416.920a(b), (c)(2) (2017). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4). A

moderate limitation signifies the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c) (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at Step Three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

At Step Three in the instant case, the ALJ found that Plaintiff had moderate limitations maintaining concentration, persistence, or pace. Tr. 19. The ALJ's analysis stated:

> The claimant has testified that he has trouble concentrating and that he has a different "reality" than others. However, he also testified that he could watch television and that physical pain is what prevents him from reading. Moreover, in November 2016, January 2017, April 2017, May 2017, and June 2017 visits to Dr. Scotto, the claimant showed good insight, good judgment, full orientation, and good concentration. All this indicates no more than a moderate limitation in this area.

*Id.* (internal citations omitted).

The RFC analysis contains a summary of Plaintiff's mental health treatment records. Tr. 20-24. The ALJ summarized the records by describing them as reflecting "mild to moderate findings" and noting that "the claimant's mental status exams and psychological evaluations were generally normal or near normal." Tr. 21. However, after making a finding that Plaintiff had a moderate limitation in concentration, persistence, or pace, the ALJ restricted Plaintiff only to "simple instructions involving routine tasks," Tr. 19, which is directly analogous to the language deemed insufficient in *Mascio* in that it addresses only the inability to perform complex tasks, not the ability to sustain work over a full eight-hour workday. In the Step Three section of the opinion and in the RFC assessment, the ALJ provided no specific analysis regarding his reasons for finding that Plaintiff's moderate limitation in concentration, persistence, or pace is directly related to the complexity or the routine nature of the tasks he is asked to perform. Given that treating sources opined that Plaintiff's mental limitations would result in distraction even

with simple tasks, *see, e.g.,* Tr. 512 (stating, as to simple one- and two-step instructions, that Plaintiff had "[s]ome difficulty with following instructions, but can do so with prompts to assist with staying focused," and that Plaintiff could perform routine tasks "[w]ith assistance with staying focused and alert"), the ALJ relied on the opinion of the non-examining state examiner, Dr. Anguas-Keiter, who drew a distinction between Plaintiff's ability to sustain complex and simple tasks. Tr. 23, 130-32. Dr. Anguas-Keiter, however, provided no narrative explanation or citation to record evidence to justify that distinction, other than the conclusory assertion that overall, Plaintiff "is capable of completing [simple routine tasks] in a socially limited setting." Tr. 132. Like Dr. Anguas-Keiter, the ALJ offered no explanation as to why Plaintiff's issues with concentration and persistence apply only to complex instructions and tasks. In the absence of such analysis, and with medical records suggesting that the limitations applied even to simple work, I am unable to ascertain whether the RFC assessment would permit a person with Plaintiff's limitations to sustain a competitive pace of work, with only normal breaks. In light of these inadequacies, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Similarly, to address Plaintiff's moderate limitation in social functioning, the ALJ imposed a limitation to "occasional contact with the general public," without any limitation regarding supervisors or co-workers. Tr. 19. To justify that distinction, the ALJ repeatedly asserted "there is no indication in the medical evidence of record that the claimant had difficulty interacting with health care providers or coworkers." Tr. 23-24. While true, Plaintiff was largely not working during the period for which medical records are contained in his file, so no interactions with coworkers are described, either positively or negatively. Some evidence of problems interacting with other individuals are evident from the record, and the ALJ did not explain why such issues would only arise with members of the public and not with individuals seen more frequently, such as co-workers. *See, e.g.,* Tr. 610 (reporting "coming close to an altercation" with another resident in the group home). Two treating physicians, Drs. Adams and Scotto, and a therapist, Kelvin Silver, opined that Plaintiff would have difficulty relating appropriately to co-workers and supervisors, Tr. 512 ("such a relationship would be difficult"); Tr. 625 ("client struggles to set context for comments + behaviors"); Tr. 637 ("Patient becomes paranoid in social setting"), and the non-examining State agency physician, Dr. Anguas-Keiter, recommended a "socially limited setting," without distinguishing between co-workers and the general public, Tr. 132 (also noting moderate limitations in "ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes"). Accordingly, the ALJ failed to build the required "logical bridge" between the record evidence and the conclusion that Plaintiff's moderate limitation in social functioning would not impact his relationships with his co-workers or supervisors. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (remanding case where the ALJ "failed to build an accurate and logical bridge" from the evidence to his conclusion) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). Remand is therefore warranted for additional explanation.

*Antonio M. v. Commissioner, Social Security Administration*
Civil No. SAG-18-3839
September 3, 2019
Page 5

      Plaintiff's other arguments are less persuasive. Contrary to Plaintiff's contention, the ALJ did make an express assignment of weight to the opinion of Dr. Scotto. Tr. 23 (assigning Dr. Scotto's opinion "little weight"). The ALJ provided a detailed explanation of his assignment of weight to Dr. Scotto's opinion and the opinions rendered by another treating physician, Dr. Adams. *Id.* Plaintiff's argument that "Occasional interaction with the general public cannot be done on a sustained basis" is logically flawed. ECF 14-1 at 20. The Dictionary of Occupational Titles ("DOT") and other relevant sources clearly contemplate that some jobs require some tasks to be performed on a less-than-continuous basis, and there is no error in finding a claimant capable of an activity on an "occasional" or "frequent," rather than "constant," basis. The overall job must be performed eight hours per day, five days per week, but each individual task need not. Additionally, Plaintiff's contention that the jobs identified by the VE had a reasoning code of 2 is erroneous. ECF 14-1 at 22. Two of the jobs (hand packer and sorter) have a reasoning code of 1 listed in the DOT, and thus no discrepancy exists between the VE testimony and the DOT. U.S. Dep't of Labor, *Dictionary of Occupational Titles*, §§ 922.687-010, 529.687-186 (4th ed. 1991).

      Finally, because the case is being remanded on other grounds, the ALJ can consider on remand whether any additional discussion of Plaintiff's sleep apnea or carpal tunnel syndrome is necessary.

      For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF 14, and Defendant's Motion for Summary Judgment, ECF 15, will be denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment will be reversed in part due to inadequate analysis, and the case will be remanded for further proceedings in accordance with this opinion.

      Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                                          Sincerely yours,

                                          /s/

                                        Stephanie A. Gallagher
                                          United States Magistrate Judge