**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 18, 2021

LETTER OPINION

      RE:   *A. M. v. Commissioner, Social Security Administration*
              Civil No. MDLB-18-3839

Dear Counsel:

Vincent Piazza, Esq. has filed a petition for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b) and § 1383(d)(2). ECF 21. The Commissioner opposes Mr. Piazza's petition, alleging that it is untimely and requests an excessive fee. ECF 22. Mr. Piazza filed a reply in support of his request. ECF 23. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, Mr. Piazza's Petition for Attorney's Fees is GRANTED IN PART AND DENIED IN PART.

    I.    BACKGROUND

On July 20, 2015, Plaintiff A.M. filed applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). He was represented throughout the agency proceedings, and the subsequent court proceedings, by Mr. Piazza. After benefits were denied through the administrative appeals process, on December 13, 2018, A.M. petitioned this Court to review the Social Security Administration's final decision to deny his claims. ECF 1. After both parties submitted motions for summary judgment, ECF 14, 15, this Court remanded the case to the Commissioner to further consider A.M's claims. ECF 16, 17.

After the remand, A.M. requested attorney's fees for Mr. Piazza under the Equal Access to Justice Act ("EAJA"). ECF 18. On October 2, 2019, Mr. Piazza was granted $4,125.50 in EAJA fees for his work, which he never received due to Plaintiff's liabilities. ECF 20. After further proceedings at the agency, an Administrative Law Judge found A.M. to be disabled as of November 1, 2016. ECF 21-3. On August 12, 2020, the SSA sent A.M. a Notice of Award, calculating the past-due benefits owed in the total amount of $14,251.60. ECF 21-3. The Notice of Award provides that attorneys' fees of 25% have been withheld, in the amount of $3,562.90. *Id.* In a subsequent letter dated December 12, 2020, the SSA advised that it was withholding "the amount of $2,167.40, which represents the balance of 25 percent of the past-due benefits for" A.M. ECF 21-4.

*A. M. v. Commissioner, Social Security Administration*
Civil No. MDLB-18-3839
November 18, 2021
Page 2

      Mr. Piazza filed the instant Petition for Attorney's Fees, pursuant to 42 U.S.C. §§ 406(b) and 1382(d)(2), on January 11, 2021. ECF 21. Mr. Piazza now seeks $4,652.20 for his work, which he claims to represent twenty-five percent of the past-due benefits that were awarded to A.M. *Id.*

    II. ANALYSIS

      Upon an award of past-due benefits under Title XVI Supplemental Security Income, 42 U.S.C. § 1383 authorizes the payment of reasonable attorney's fees totaling no more than twenty-five percent of such benefits. 42 U.S.C. § 1383(d)(2)(B)(i).  The Social Security Act does not impose a time limit for fee petitions under § 1383.  Rule 54(d)(2)(B) of the Federal Rules for Civil Procedures states, "Unless a statute or court order provides otherwise, the motion [for attorney's fees] must be filed no later than 14 days after entry of judgment." Fed.R.Civ.P. 54(d)(2)(B)(i). The Local Rules for the United States District Court for the District of Maryland specify that a motion for attorney's fees in Social Security cases must be filed "within thirty days of the date of the Notice of Award letter sent to the claimant and the attorney at the conclusion of the Social Security Administration's past-due benefit calculation." D. Md. R. 109.2(c) (2021). Furthermore, "[n]on-compliance with these time limits shall be deemed to be a waiver of any claim for attorney's fees." D. Md. R. 109.2(a).

      Mr. Piazza cites two bases for his fee request:  the August 12, 2020 Notice of Award, which states that 25% of the past due benefits is $3,562.90; and the December 12, 2020 letter, which states that 25% of the past-due benefits is $2,167.40.  Neither of those notices supports an award in the size requested by Mr. Piazza. And in fact, Mr. Piazza's petition is only timely filed as to the latter notice (which, although not captioned "Notice of Award," is a communication from the Commissioner serving the same functional purpose as to this petition for fees).  This Court declines to accept Mr. Piazza's invitation to award a greater sum than the 25% figure calculated by the Commissioner.  Mr. Piazza has already received $6,000 for his work at the administrative level.  Thus, this Court will grant Mr. Piazza's motion in part and will award fees for work on Plaintiff's Title II Disability Insurance claim in this Court in the amount of $2,167.40.

      Despite the informal nature of this letter, it should be flagged as an opinion.  A separate order follows.

                         Sincerely yours,

                         /s/

                         Stephanie A. Gallagher
                         United States District Judge